IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAUREN COBURN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DRESNER DESIGN, LLC and<br>INSPIRATION STATION COLLECTIVE,<br>LLC<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, by its attorneys, Siprut PC, brings this copyright infringement action against Defendants and alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**I.    INTRODUCTION**

1. Success in the interior design industry demands two things from a designer: outstanding skill, and public recognition of that skill. Plaintiff Lauren Coburn, LLC ("Coburn") has built an extremely successful business by meeting those demands. Coburn's work is outstanding, and Coburn's work is frequently featured in national publications. Defendants have attempted to shortcut the path to success by fraudulently publishing copyrighted photographs as their own. These photographs, which depict Coburn's design work—not Defedants', belong to Coburn. Having attempted to resolve the issue through discussion, and having been met only with obstinacy, Coburn is forced to bring this action for copyright infringement.

## II. PARTIES

2. Plaintiff Coburn is a limited liability company organized under the laws of Illinois, with its principal place of business located in Chicago, Illinois.

3. Defendant Dresner is a limited liability company organized under the laws of Illinois, with its principal place of business located in Chicago, Illinois.

4. Defendant ISC is a limited liability company organized under the laws of Illinois, with its principal place of business located in Chicago, Illinois.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act").

6. This Court has personal jurisdiction over Defendants because each Defendant resides in this district, regularly conducts business in this district, and the actions giving rise to this action occurred within this district.

7. Venue is proper in this district under to 28 U.S.C. § 1391(b)(1) and (2).

## IV. FACTUAL ALLEGATIONS

8. Coburn is a highly-skilled, well-known designer in high-demand. It has provided interior design and interior architecture consulting services since 2004. Its design work has been featured in many publications, including *Chicago Tribune*, *Elle Décor*, *CS Interiors*, *Kitchen Trends Magazine*, and *Spectacular Homes of Chicago*. Lauren Levitt ("Levitt"), owner of Coburn, was named "One to Watch" by the Merchandise Mart of Chicago, and has been invited to be a guest critic at the School of the Art Institute and a speaker at a design convention at Neiman Marcus.

9. Coburn's services are in high demand, thanks in part to the many interior design publications in which Coburn's work has been featured. In the vast majority of cases, such

publications will only feature a design project if: (a) the photographs of the project are of the highest quality; and (b) the design project has not been featured in a different publication. Accordingly, whenever Coburn intends to submit photographs of a finished project for publication, Coburn hires a top-notch photographer at substantial expense. Futher, Coburn will not publish, nor permit the photographs of one of its projects to be published, in any publication other than the single publication to which she submits a particular project.

10. Approximately eight years ago, Ms. Levitt met Scott Dresner ("Dresner"), owner of Dresner Design, a general contractor and kitchen cabinet design company. Over the last eight years, Coburn, having been retained by a client to design a kitchen remodel, would hire Dresner Design to provide cabinets and serve as a general contractor under Coburn's direction.

11. In February of 2012, Coburn was hired to design a major renovation of a client's kitchen (the "Cedar Project"). Coburn hired Dresner Design as a general contractor on the Cedar Project. The results of the Cedar Project were impressive, and Coburn decided to submit photographs for publication in *CS Interiors*, a magazine and website featuring luxury home interiors.

12. As is typical of such publications, *CS Interiors* would not publish photographs of a project unless the photographs of are of the highest quality. Nor would *CS Interiors* publish photographs without a commitment that the photographs would not be published anywhere else, except for on the individual websites of those directly involved in the project.

13. After work on the Cedar Project was completed, in around March of 2013, Coburn hired a photographer to take pictures of the Cedar Project. Because Coburn knew that the photographer would take excellent photographs, and because Coburn had previously published photographs taken by the same photographer, Coburn was willing to pay, and in fact paid, $5,000

for the photographer's services. The photographer took the photographs at Coburn's direction and subsequently assigned to Coburn all interest, including copyright interest, in the photographs (the "Cedar Photos").

14. Subsequently, Mr. Dresner asked Ms. Levitt for permission to use the Cedar Photos to advertise Dresner Design's services. Ms. Levitt agreed. However, in light of *CS Interior's* strict policy against publishing photographs that had been published anywhere but the websites of those directly involved in the project, Coburn granted Dresner Design a license expressly limited to Dresner Design's publishing of the Cedar Photos *only* on Dresner Design's website and not on any other website or in any other publication.

15. In late June or early July of 2015, after the Cedar Photos were published in *CS Interiors*, Coburn became aware that Dresner Design, through its publicist Defendant ISC, had published the Cedar Photos in violation of the license granted by Coburn.

16. The Cedar Photos were published in or on at least twelve different publications and websites, each of which enjoys a substantial circulation and web traffic.

17. Defendants' unauthorized publications include at least the following:

    (a)    At least one full page advertisement for Dresner Design in *CS Interiors*;

    (b)    A spread featuring Mr. Dresner as the "Spotlight Designer" of the month in *Kitchen Bath Trends* magazine and website;

    (c)    A Dresner Design advertisement for the 2015 Kitchen & Bath Industry Show;

    (d)    A three-page article in *Kitchen and Bath Business* magazine ("K+BB") and corresponding website coverage, including "2014 Kitchen of the Year" award;

    (e)    Dresner Design advertisements on houzz.com;

    (f)    Dresner Design advertisements on pinterest.com;

    (g)    Dresner Design advertisements on hgtv.com;

   (h) A feature on the Yahoo! Homes website;

   (i) Dresner Design advertisements on Decorpad.com;

   (j) A feature on the Architecture, Art, and Design website;

   (k) A feature on the Apartmentlifestyle.net; and

   (l) Article *A Chat with K+BB 2014 Design Award Winner*, artfulkitchens.net.

18. The Cedar Photos were published without Coburn's consent and in violation of the license.

19. Adding insult to injury, in conjunction with the unauthorized publications, Dresner Design falsely held itself out as the ***designer*** and made no mention of Coburn or Ms. Levitt.

20. Even worse, Mr. Dresner was awarded the prestigious "Kitchen of the Year" awards from "K+BB" and "Yahoo! Homes." Despite the fact that he had not designed the Cedar Project, Mr. Dresner accepted both awards. Next, Mr. Dresner accepted and participated in interviews with both publications, which were published along with the Cedar Photos, falsely and shamelessly holding himself out as the designer of the Cedar Project, and making absolutely no mention of Coburn or Ms. Levitt. (*See* Exhibit A (K+BB) and Exhibit B (Yahoo! Homes).)

21. Upon discovery of Defendants' copyright infringement, Ms. Levitt promptly sent an email to Mr. Dresner, which faulted him for taking credit for work that was not his, and which further demanded an immediate explanation for the infringement. Mr. Dresner refused to discuss or otherwise address the issue with Ms. Levitt.

22. Ms. Levitt then called ISC's CEO, Jill Maremont ("Maremont"), and requested that the infringing Cedar Photos be removed and that Dresner Design and Ms. Maremont cease publishing them.

23. Ms. Maremont *admitted* that neither ISC, Mr. Dresner, nor Dresner Design had the right to publish the Cedar Photos. Ms. Maremont said she would remove the infringing Cedar Photos and cease publishing them.

24. Despite Ms. Levitt's protests to the misuse of the Cedar Photos, and despite Ms. Maremont's assurances, Defendants Dresner Design and ISC have not removed any of the Cedar Photos. In fact, as of the filing of this complaint, Defendants have continued to publish the Cedar Photos, without Coburn's consent, in new locations.

## V. COUNT I

### Copyright Infringement
### (As to Defendant Dresner Design and Defendant ISC)

25. Coburn re-alleges and incorporates by reference the allegations in the foregoing paragraphs 1 through 24 as if fully set forth herein.

26. Coburn owns a valid and enforceable copyright for the Cedar Photos.

27. A true and accurate copy of the copyright registration for the Cedar Photos, bearing Registration No. VAu 1-217-052, is attached hereto as Exhibit C.

28. Defendants have infringed, induced, and contributed to the infringement of Coburn's rights in the Cedar Photos.

29. Defendants have reproduced, distributed, and publicly displayed the Cedar Photos in and on publications and websites—and has improperly and without authority purportedly authorized others to do the same—beyond the scope of Dresner Design's license and without Coburn's permission.

30. Defendants' unauthorized reproduction, distribution, and public display of Coburn's copyrighted work constitutes copyright infringement in violation of 17 U.S.C. § 501.

31. Defendants' copyright infringement has been willful, knowing, and intentional.

32. Defendants have falsely held out Mr. Dresner and Dresner Design as the designers of the Cedar Project.

33. As a result of Defendant's copyright infringement, Coburn has suffered damages in an amount to be determined at trial.

34. As a result of Defendants' copyright infringement, Coburn has also suffered irreparable injury to its business, reputation, and goodwill.

35. Coburn will continue to suffer irreparable injury unless Defendants misconduct is enjoined by the Court.

36. As a result of Dresner Design's willful and reckless conduct, Coburn is entitled to treble damages, reasonable attorneys' fees, and the costs of this action.

## VI. JURY DEMAND

37. Pursuant to Federal Rule of Civil Procedure 38(b), Coburn demand a trial by jury of all claims in this Complaint so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Coburn respectfully requests that the Court enter an Order:

(a) Finding that Defendants have infringed Coburn's copyright in the Cedar Photos;

(b) Enjoining Defendants, and all of their officers, directors, employees, licensees, agents, and representatives, from reproducing, distributing, selling, and publicly displaying the Cedar Photos;

(c) Awarding Coburn treble damages, in an amount to be determined at trial;

(d) Awarding Coburn its reasonable attorney fees and costs; and

(e) Granting Coburn such other and further relief as the Court deems just and proper.

-8-

Date: October 30, 2015				Respectfully submitted,

						By:  */s/ Joseph J. Siprut*
						       One of the Attorneys for Plaintiff

Joseph J. Siprut
*jsiprut@siprut.com*
Richard L. Miller II
*rmiller@siprut.com*
Stephen C. Jarvis
*sjarvis@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.546.9963

4816-6425-4505, v.  9